**UNITED STATES COURT DISTRICT FOR**
**THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **DREW HUMPHREY** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC** | ) | |
| **Defendant,** | ) | |
| | ) | |

FILED BY VB D.C.
OCT 06 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## I. COMPLAINT

**COMES NOW** Pro Se Plaintiff, Drew Humphrey (hereinafter, "Plaintiff") with a Complaint against Defendant, Experian Information Solutions, Inc (hereinafter "Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") and states as follows:

## II. PRELIMINARY STATEMENT

1. This is an action for statutory damages, actual damages, punitive damages, and costs of this action due to Experian's violations of FCRA.

## III. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian is subject to the provisions of the FCRA and the jurisdiction of the Court.

3. Venue is proper as the actions that led to this Complaint occurred in Miramar, Broward County, Florida. Venue is also proper as Plaintiff resides in Miramar, Florida.

## IV. PARTIES

4. Plaintiff is a natural person residing in Miramar, Broward County, Florida.

5. Plaintiff is a consumer as defined by 15 U.S.C § 1681a(c).

6. Experian is a Foreign Profit Corporation initially formed in the state of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian can be served at its registered agent address which is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

7. Experian is a consumer reporting agency (hereinafter, "CRA") as defined by 15 U.S.C § 1681a(f) as it regularly engages in the practice of assembling or evaluating consumer credit information and furnishing consumer reports to third parties using means or facilities of interstate commerce, for monetary fees, dues , and/or on a cooperative nonprofit basis.

8. At all relevant times, "Experian" or "Defendant" includes Experian's agents, employees, representatives, officers, directors, subsidiaries, affiliates, parent entities, successors, assignees, contractors, and all persons acting on its behalf or under its control.

## V. PRELIMINARY STATEMENT

9. The FCRA allows consumers the right to check the accuracy of the information a CRA

maintains on them. In an effort to do so, the FCRA requires every CRA by law to provide a clear and accurate disclosure of a consumer's file upon a proper request pursuant to 15 U.S.C. § 1681g(a)(1).

10. In order for a consumer to make a proper request, a consumer must simply request the disclosure and provide proper identification documentation.

11. The FCRA defines a consumer's file pursuant to 15 U.S.C. § 1681a(g) as all of the information on that consumer recorded and retained by a CRA regardless of how (manner or location in which) the information is stored.

12. The requirement of a CRA to disclose all information it maintains or has access to, applies even if said information is kept in separate systems or databases, because redirecting disclosure responsibility or storage location(s) would defeat the FCRA's purpose.

13. Regarding the disclosure, there are two independent requirements so consumers can fully understand the contents of their files: that the information be disclosed **clearly** and **accurately**.

14. Thus, a CRA violates the FCRA when it fails to clearly and accurately disclose all information it maintains in a consumer's file upon request, regardless of how or where that information is stored.

15. Congress required, and still requires, these disclosures to be made clearly and accurately so that consumers may understand the contents of their files, compare the disclosed information with their personal records, and determine whether it is accurate, and correct any errors before that information is provided to any third parties.

16. Webster's Third International Dictionary (3d ed. 1986) defines "clearly" as in a clear

manner, without doubt or confusion; and "accurately" as, in an accurate manner.

17. A disclosure that is unclear, incomplete, or misleading, even if technically/partially accurate fails to satisfy these requirements and violates the FCRA.

## VI. FACTS OF THE COMPLAINT

### Plaintiff's September 28, 2026 Disclosure

18. On or about September 28, 2026, Plaintiff requested a copy of his consumer file disclosure from Experian through the centralized source, annualcreditreport.com.

19. Experian provided Plaintiff with a PDF of his file in response to Plaintiff's file disclosure request, bearing the report number 0741-3541-64.

20. Upon review of the disclosure provided by Experian, Plaintiff noticed significant amounts of information were truncated, omitted, withheld, or missing from the disclosure.

21. Experian's failure to disclose, clearly and accurately, all information in Plaintiff's file upon his proper request is the basis of this suit for a violation of the FCRA.

### Accounts At Issue

22. Regarding the accounts at issue, or any reference thereof, there are five (5) specific accounts which appeared on Plaintiff's disclosure dated September 28, 2026, bearing the report number 0741-3541-64 (Exhibit A):

- American Express, account number 3499932448688203;
- Apple Card/GS Bank USA, partial account number 120001;
- Discover Card, partial account number 601100;

- JPMCB Card, partial account number 424631; and
- JPMCB Card, partial account number 426684.

23. Specifically, regarding the Apple Card/GS Bank USA account, partial account number 120001; Discover Card account, partial account number 601100; JPMCB Card account, partial account number 424631; and the JPMCB Card account, partial account number 426684, Experian failed to clearly and accurately disclosure the full account numbers.

24. As an alternative, Experian decided to provide only partial account numbers, disclosing only the first six digits of the account number(s) followed by a series of "X's" following (eg: "120001XXXXXXXXXX").

25. Experian withheld, truncated, or omitted the remaining account numbers, evidenced by the fact that the X's indicated additional, undisclosed, identifiers.

26. Upon information and belief, Experian maintained full and complete account numbers, however, they withheld, truncated, and/or omitted those remaining identifiers from Plaintiff's disclosure after receiving his request.

27. Due to Experian's withholding, truncation, or omission of the account numbers, Plaintiff was unable to adequately and confidently match the accounts disclosed with his personal records and, further, verify the completeness and accuracy (or a lack thereof) of the information contained in his file.

28. Upon information and belief, Experian provided consumers with more than six digits of account numbers and fuller account identifiers in response to requests for consumer file disclosures and consumer reports when it pertained to disclosures and credit reports issued in or around the 1990s.

29. The fact that Experian at one point provided full account numbers and account identifiers

demonstrates that Experian had the capability to disclose more than six digits of account numbers to Plaintiff, but now chooses, as a matter of practice and procedure, to withhold and omit that information.

30. This capability is further demonstrated by the fact that other consumer court agencies, including TransUnion, in fact provide more than six digits of account numbers and full account identifiers when consumers request disclosures through the centralized source, annualcreditreport.com.

31. Experian was therefore capable of providing more complete account identifiers at the time of Plaintiff's request.

32. Experian failed to clearly and accurately disclose, with respect to the Apple Card/GS Bank USA account, partial account number 120001, the actual and complete account name, interest type, recent payment, and the terms field.

33. Experian failed to clearly and accurately disclose, with respect to the Discover Card account, partial account number 601100, the interest type, recent payment, monthly payment, terms, and the payment history for March 2023.

34. Experian failed to clearly and accurately disclose, with respect to the JPMCB Card account, partial account number 424631, the actual and complete account name, interest type, recent payment, monthly payment, terms and payment history for February 2023 and June 2023 through September 2024, despite having an open date of 02/24/2023. Further causing confusion to Plaintiff and making his disclosure unclear, is the fact that he can not adequately assess and determine if the 60-day late payment reporting for October 2024 is even potentially accurate due to the fact that the preceding payment history is marked "ND" for "No Data".

35. Experian failed to clearly and accurately disclose, with respect to the JPMCB Card account, partial account number 426684, the actual and complete account name, interest type, recent payment, monthly payment, terms, and has a reported open date of 12/27/2022 but does not disclose payment history for December 2022.

36. Experian failed to clearly and accurately disclose, with respect to the American Express account, account number 3499932448688203, the interest type, recent payment, monthly payment, credit limit, and has a reported open date of 05/15/2024 but does not disclose payment history for May 2024.

37. The mentioned fields between Paragraphs 32 through 36, were left blank, incomplete, withheld, truncated, and/or omitted as reflected in Exhibit A.

38. Experian's omissions rendered the disclosure incomplete, unclear, and misleading, and prevented Plaintiff from identifying the accounts with certainty, understanding the information being reported, and being able to verify the completeness and accuracy of the information contained in his file.

39. Upon information and belief, Experian did possess and maintain the capability through its systems, data repositories, furnishing relationships, agreements with furnishers governing the transmission of account-level data, including Metro 2 fields, data pipelines, contractual obligations and through its subsidiaries, to disclose additional account identifiers, including full account numbers or more than six digits, as well as as complete account-level information for the accounts that issue, including but not limited to actual and complete account names, interest types, balances, balance updated dates, recent payments, monthly payment amount, terms, date the accounts were closed, and payment histories.

40. This capability is demonstrated and exemplified by Experian's own consumer disclosures in consumer reports that are furnished to consumers and third parties, in which such information has been disclosed in the past and continues to be disclosed for other accounts, which confirms that Experian had the ability to disclose the same information to Plaintiff, but failed to do so intentionally.

41. Despite having the capability to do so, Experian failed to include the aforementioned information in Plaintiff's consumer file disclosure for the accounts at issue upon Plaintiff's request.

42. The omission of these data fields rendered the disclosure incomplete, unclear, and inaccurate, and prevented Plaintiff from understanding, verifying, and evaluating the accuracy of the information contained in his file, violating 15 U.S.C. § 1681g(a)(1).

43. Upon information and belief, the furnishers of the accounts at issue provided Experian with full and complete account numbers, or more than six digits thereof, as well as additional account-level information, including but not limited to actual and complete account names, interest types, balances, balance updated dates, recent payments, monthly payment amount, terms, date the accounts were closed, and payment histories.

44. Upon further information and belief, Experian maintained this information within its systems or within its reach, regardless of how or where that information was stored, at the time of Plaintiff's request for a disclosure of his consumer file.

45. Despite possessing this information, or having the capability to so, Experian, as a matter of its practices, systems, and procedures, truncated, suppressed, or omitted such information from Plaintiff's disclosure, even though he never requested such information to be truncated or omitted.

46. Alternatively, Experian failed to maintain and implement reasonable procedures, policies, and systems requiring furnishers to provide complete, accurate, and non-omitted account information.

47. Such procedures were necessary to ensure that Experian could clearly and accurately disclose all information in a consumer's file upon request.

48. Experian's failure to require and obtain complete information from furnishers placed it in a position where it could not, and did not, provide a clear and accurate disclosure to Plaintiff.

49. The information Plaintiff alleged was incomplete, truncated, omitted, or not clearly and accurately disclosed is not nearly internal or technical data.

50. Rather, it consists of material account-level information necessary for consumers to identify the accounts reported, match those accounts to their records, detect the inaccuracies, and meaningfully verify the completeness and accuracy of the information in their files.

51. Without this information, consumers such as Plaintiff are presented with a distorted, incomplete, and unusable picture of their consumer file.

52. This impaired Plaintiff's ability to utilize the dispute and reinvestigation procedure set forth under 15 U.S.C. § 1681i and undermined the core purpose of 15 U.S.C. § 1681g(a)(1), which is to ensure that Plaintiff could review and correct his information before it was disseminated to third parties.

53. As a result, Experian's failure to provide the information violated Plaintiff's right to a clear and accurate disclosure.

## VII. STATUTORY FRAMEWORK

54. In reference to Paragraphs 11-17, Experian's disclosure was not proper as it omitted data fields, left fields blank without explanation, and failed to provide sufficient information for Plaintiff to understand how to read or interpret the consumer file.

55. To satisfy its obligation to provide a clear disclosure, Experian was required to present the information in a manner that allows a consumer to understand the contents of the file, including identifying what information that is being reported and whether any information is missing or omitted.

56. Although portions of the disclosure appeared blank, incomplete, or withheld, Experian failed to provide sufficient context or explanation to allow Plaintiff to determine what information was missing, why it was omitted, or whether the disclosure accurately reflected the complete contents of Plaintiff's file.

57. These omissions impaired Plaintiff's ability to identify the accounts, match them to his records, and verify the completeness and accuracy of the information.

58. This impairment prevented Plaintiff from meaningfully utilizing the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i.

59. As a result, Experian failed to provide a clear and accurate disclosure and violated Plaintiff's rights under 15 U.S.C. § 1681g(a)(1).

60. A disclosure that prevents a consumer from identifying the accounts and understanding the information disclosed is not a disclosure at all within the meaning of 15 U.S.C. § 1681g(a)(1).

## VIII. ACTUAL DAMAGES

61. As a result of Experian's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file at the time of his request, Plaintiff was required to spend time attempting to interpret and understand a materially incomplete, confusing, and misleading disclosure.

62. The disclosure contained truncated account identifiers, omitted account level data fields, blank and omitted/missing payment history information, and incomplete account information relating to the American Express account, account number 3499932448688203;nApple Card/GS Bank USA account, partial account number 120001; Discover Card account, partial account number 601100; JPMCB Card account, partial account number 424631; and the JPMCB Card account, partial account number 426684.

63. Because Experian disclosed only partial account identifiers as while withholding the remaining portions of the account numbers, Plaintiff was unable to match the reported account to his own records with certainty or determine whether the accounts being disclosed were complete and accurate.

64. Plaintiff reviewed the disclosure on multiple occasions and attempted to compare the reported information with his own records, but was unable to fully verify the accounts due to the omitted, truncated, blank, and incomplete information contained in the disclosure.

65. The disclosure further omitted material account-level information, including actual and complete account names, interest types, account balances, balance updated dates, recent payment amounts, monthly payment amounts, terms, dates that the accounts were closed, and payment histories.

66. Plaintiff was further confused by the fact that certain payment history months were entirely blank or omitted including March 2023, May 2024, February 2023, June 2023 - September 2024, and December 2022, despite Experian reporting that the accounts were in fact open and active during those periods.

67. Experian's disclosure practices prevented Plaintiff from understanding whether the blank or omitted payment history fields reflected missing information, suppressed information, inaccurate reporting, or incomplete reporting.

68. As a result of these omissions and deficiencies, Plaintiff was unable to meaningfully determine whether the information contained in his file was complete, accurate, or capable of being disputed through the reinvestigation procedures set forth under 15 U.S.C. § 1681g(a)(1).

69. Had Experian clearly and accurately disclosed all information contained in Plaintiff's file, Plaintiff would have been able to compare the disclosed information with his own records, identify inaccuracies or incomplete reporting, and submit more precise and meaningful disputes.

70. Instead, Experian's conduct deprived Plaintiff of the ability to fully understand and evaluate the contents of his consumer file and caused Plaintiff to suffer informational harm.

71. Experian's conduct further caused Plaintiff to experience frustration, stress, confusion, wasted time, and emotional distress as a direct result of attempting to understand and evaluate a disclosure that omitted material information Plaintiff is entitled to receive under 15 U.S.C.§ 1681g(a)(1).

72. Had Experian clearly and accurately disclosed all information contained Plaintiff's file,

he would have been able to compare the disclosed information with his own records, identify inaccuracies, or incomplete reporting, and submit a more precise and meaningful dispute.

73. Instead, Experian's conduct deprived Plaintiff of the ability to fully understand and evaluate the contents of his consumer file and caused Plaintiff to suffer informational harm.

74. Experian's conduct further caused Plaintiff to experience frustration, stress, confusion, wasted time, and emotional distress as a direct result of attempting to understand and evaluate a disclosure that omitted material information Plaintiff was entitled to receive under 15 U.S.C.§ 1681g(a)(1).

75. Experian's conduct was the direct and approximate cause of Plaintiff's injuries and damages.

## IX. <u>WILLFUL VIOLATIONS OF THE FCRA</u>

76. In *Ajomale v. Quicken Loans, Inc.*, 860 F. App'x 670 (11th Cir. 2021), the U.S. Court of Appeals for the Eleventh Circuit held that a willful violation of the FCRA is defined as one where the defendant "...either knowingly or recklessly violated the requirements of the Act" Id. at 4.

77. The Court further explained that recklessly violating the Act comes at the disregard of the "...text of the statute itself or under 'guidance from the court of appeals or the Federal Trade Commission that might have warned [the defendant] away from the view it took'." Id. at 4.

78. By the Eleventh Circuit's standard, Equifax's violations were willful.

79. Experian knew or should have known that 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency, upon request, to clearly and accurately disclose all information contained in a consumer's file at the time of the request.

80. Despite this obligation, Experian maintained and implemented policies, procedures, systems, and practices that resulted in the truncation, suppression, omission, and withholding of material account-level information from Plaintiff's consumer disclosure.

81. Upon information and relief, Experian possessed and maintained the capability through its systems, furnishing relationships, Metro 2 reporting infrastructure, data repositories, contractual relationships with furnishers, and internal disclosure systems, to disclose complete account identifiers beyond the six digits disclosed, as well as complete account-level information associated with the accounts issue.

82. Upon information and belief, Experian also possessed and maintained the capability to disclose the recent payment amount, monthly payment amount, highest balance, account terms, complete payment history, complete account names, and dates accounts were closed for the accounts at issue, but failed to disclose that information to Plaintiff.

83. Despite possessing this information, or the capability to obtain and disclose such information, Experian, as a matter of policy and practice, routinely truncates, suppresses, omits, and withholds material information from consumer file disclosures.

84. Upon information and belief, Experian has long possessed the technical capability to disclose more than six digits of account numbers and fuller account identifiers, including through disclosures and consumer reports previously furnished to consumers and third parties.

85. This capability is further demonstrated by the fact that other consumer reporting

agencies, including TransUnion, provide consumers with more complete account identifiers and fuller account-level disclosures through annualcreditreport.com.

86. Experian was therefore aware, or should have been aware, that consumers require complete and understandable disclosures in order to identify accounts, compare the information to their records, and determine whether the information is accurate and complete.

87. In addition to that, long-standing federal guidance, including guidance issued by the Federal Trade Commission, and judicial authority interpreting 15 U.S.C. § 1681g(a)(1), have recognized that disclosures which are materially incomplete, misleading, or unclear may violate the FCRA even where portions of the disclosed information are technically accurate.

88. Despite this notice and guidance, Experian continued, as a matter of policy and procedure, to provide disclosures containing omitted, blank, truncated, incomplete, and suppressed information, including the information at issue in Plaintiff's disclosure.

89. Experian further failed to provide any meaningful explanation or context regarding the omitted and blank fields contained in Plaintiff's disclosure, despite knowing that consumers rely on such disclosures to understand, reevaluate, and verify the contents of their consumer files.

90. The omissions and truncations described here were the product of Experian's standardized disclosure systems, practices, and procedures rather than an isolated clerical error or inadvertent oversight.

91. Experian knew, or recklessly disregarded, that providing disclosures containing omitted,

truncated, blank, suppressed, and materially incomplete information created an unjustifiably high risk of violating Plaintiff's rights under the FCRA.

92. Experian's conduct was not the result of mere negligence or isolated mistake, but instead reflected a deliberate and systemic practice of furnishing disclosures that were incomplete, unclear, inaccurate, and materially misleading.

93. Despite receiving prior lawsuits, regulatory scrutiny, and notice concerning consumer disclosure obligations under the FCRA, Experian failed to modify or implement procedures sufficient to ensure that consumers receive clear and accurate disclosures containing all information in their files.

94. In doing so, Experian acted knowingly and/or in reckless disregard of its statutory duties and Plaintiff's rights under the FCRA

## X. COUNT I
### Violation of 15 U.S.C. § 1681g(a)(1)
### Failure to Clearly and Accurately Disclose All Information in Plaintiff's File

95. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

96. Pursuant to 15 U.S.C. § 1681g(a)(1), Experian was required, upon request, to clearly and accurately disclose to Plaintiff all information contained in Plaintiff's consumer file at the time of the request.

97. Experian failed to satisfy this obligation.

98. Specifically, Experian failed to clearly and accurately disclose material information associated with the accounts at issue, including but not limited to complete account identifiers beyond the six digits disclosed, recent payment amounts, monthly payment

amounts, account terms, highest balance information, dates accounts were closed, complete payment history information, and complete account names.

99. Experian further failed to provide the information in a manner that was clear and understandable to Plaintiff, and instead provided a disclosure containing omitted, blank, incomplete, truncated, suppressed, and materially misleading information.

100. These omissions prevented Plaintiff from identifying the accounts with certainty, matching the disclosed accounts to his own records, understanding the information being reported, verifying the completeness and accuracy of the information contained in his file, and meaningfully utilizing the dispute procedures set forth under 15 U.S.C. § 1681i.

101. Experian's disclosure practices rendered Plaintiff's consumer disclosure incomplete, unclear, inaccurate, and materially misleading within the meaning of 15 U.S.C. § 1681g(a)(1).

102. As a direct and proximate result of Experian's conduct, Plaintiff suffered informational harm, wasted time, frustration, confusion, stress, emotional distress, and impairment of his ability to review and dispute the information contained in his file before dissemination to third parties.

103. Experian's violations were negligent and/or willful, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

## XI. **JURY DEMAND**

104. Plaintiff demands a jury trial on all issues so triable.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Experian as follows:

a. The greater of statutory damages of up to $1,000 per violation or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or, in the alternative, actual damages pursuant to 15 U.S.C. § 16810(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs of the action pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. 1681o(a)(2); and

d. Such other and further relief as this Court deems just and proper.

Respectfully Submitted:

October 6, 2026

Drew Humphrey
18750 SW. 17th Court
Miramar, FL 33029
Email: drewehumphrey31@yahoo.com

# EXHIBIT LIST

1. **Exhibit A:** A true and correct copy of Plaintiff's file disclosure dated September 28, 2026, bearing report number 0741-3541-64.